Firouzeh Nur-Vaccaro, Esq.
KIM WINSTON LLP
73 Market Street, Suite 376
Yonkers, NY 10710
Telephone: (856) 520-8988

Henry Pogorzelski(*pro hac vice* to be filed)
Stewart Mesher (*pro hac vice* to be filed)
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, TX 78738
Telephone: (512) 610-3410

*Attorneys for Plaintiff,*
WAXMAN SALES, LLC

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WAXMAN SALES, LLC, a Texas Limited Liability Company, | |
| Plaintiff, | Civ. Action No. _____ |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| VANDERBILT HOME PRODUCTS, LLC, a New Jersey Limited Liability Company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

---

Plaintiff Waxman Sales, LLC ("Waxman Sales") hereby complains of Vanderbilt Home Products, LLC ("Defendant") and alleges as follows:

### I. THE PARTIES

1. Plaintiff Waxman Sales is a limited liability company organized and existing under the laws of the State of Texas and having a place of business in Austin, Texas.

2. On information and belief, Defendant is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 261 5th Avenue, Suite 1512, New York, New York 10016. On information and belief, Defendant may be served at the above address, and as well as via its registered agent for service of process Mr. Gary Feldman, at 241 37th Street Suite B443, Brooklyn, New York, 11232.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claim in this action pursuant to 35 U.S.C. §§ 271 and 281, as this claim arises under the patent laws of the United States.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has a place of business located within this judicial district and because Defendant has a continuous, systematic, and substantial presence within this judicial district. For example, by offering for sale and/or selling infringing products in this judicial district, including but not limited to offering to sell and/or selling infringing products directly to consumers and/or retailers in this district, Defendant's acts form a substantial part of the events or omissions giving rise to Waxman Sales's claim.

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial district, and because Defendant has committed acts of infringement by offering to sell and/or selling products that infringe Waxman Sales's patent in this judicial district.

## III. GENERAL ALLEGATIONS

6. Waxman Sales is a home goods and furniture supplier founded roughly ten years ago by Adam Waxman. The company leverages Mr. Waxman's previous experience in a business

development role at another Costco supplier to grow Waxman Sales as a supplier to Costco. Waxman Sales has consistently supplied innovative products to Costco and has enjoyed a mutually beneficial relationship with Costco over the years.

7. Mr. Waxman developed its Birdrock Home™-brand Lap Tray in early 2016, and Waxman Sales sought to protect its investment by way of a patent application filed on February 25, 2016. From that application, on October 17, 2017, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D799,851 ("the D851 Patent"), titled "Lap Tray." Waxman Sales is the owner by assignment of all right, title, and interest in the D851 Patent. A true and correct copy of the D851 Patent is attached as **Exhibit 1**.

8. Waxman Sales and Costco entered into successful supply programs for its Birdrock Home™-brand Lap Tray, once in 2016 and again in 2017.

9. In late 2017, Costco approached Waxman Sales about entering into a larger supply program for 2018. Subsequently, Costco asked Waxman Sales for a pricing concession and indicated that another vendor had presented Costco with a competing item to Waxman Sales' Birdrock Home™-brand Lap Tray. This other vendor turned out to be Defendant.

10. On or about January 18, 2018, Waxman Sales informed Costco of the existence of the D851 Patent and its applicability to its Birdrock Home™-brand Lap Tray. On information and belief, Costco provided actual notice and a copy of the D851 Patent to Defendant.

11. In August 2018, Mr. Waxman entered a Costco warehouse in Austin, Texas and observed a product bearing a striking resemblance to Waxman Sales' Birdrock Home™-brand Lap Tray being offered for sale.

12.     On information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States lap trays that infringe the D851 Patent, for example Defendant's Multi-Tasking Lap Tray as shown below:



13.     On information and belief, Defendant sells and offers to sell its infringing product through retailers including Costco.

14.     On information and belief, Defendant's acts complained of herein are willful and deliberate.

### IV. FIRST CLAIM FOR RELIEF
(Patent Infringement)
(35 U.S.C. § 271)

15.     Waxman Sales repeats and re-alleges the allegations of paragraphs 1-14.

16.     This is a claim for patent infringement under 35 U.S.C. § 271.

17.     Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willingly infringe the D851 Patent by making, using, selling, offering for sale, and/or importing a lap tray product having a design that would appear to an ordinary

observer to be substantially similar to the claim of the D851 Patent, for example Defendant's Multi-Tasking Lap Tray, as shown below.



18. Defendant's acts of infringement of the D851 Patent were undertaken without permission or license from Waxman Sales. On information and belief, Defendant had actual knowledge of Waxman Sales' rights in the design claimed in the D851 Patent. Waxman Sales' design was well-known to Costco and, as a competing vendor, Defendant's Multi-Tasking Lap Tray is a nearly identical copy of Waxman Sales' patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D851 Patent. Defendant has infringed and continues to infringe the D851 Patent with reckless disregard of Waxman Sales' patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D851 Patent. Defendant's acts of infringement of the D851 Patent are not consistent with the standards of commerce for its industry.

19. Defendant has been provided with actual notice of knowledge of the D851 Patent and Defendant's infringement thereof, and it has refused to cease its wrongful conduct.

20. At all relevant times, Waxman Sales has complied with the marking statute, 35 U.S.C. Section 287.

21. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Waxman Sales.

22. Pursuant to 35 U.S.C. § 284, Waxman Sales is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

23. Pursuant to 35 U.S.C. § 285, Waxman Sales is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

24.     Pursuant to 35 U.S.C. § 289, Waxman Sales is entitled to Defendant's total profits from Defendant's infringement of the D851 Patent.

25.     Due to the aforesaid infringing acts constituting patent infringement, Waxman Sales has suffered great and irreparable injury, for which Waxman Sales has no adequate remedy at law.

26.     Defendant will continue to infringe Waxman Sales' patent rights to the great and irreparable injury of Waxman Sales, unless and until enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Waxman Sales prays for judgment in its favor against Defendant for the following relief:

A.     An Order adjudging Defendant to have infringed the D851 Patent under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D851 Patent in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's Multi-Tasking Lap Tray, and any products that are not colorably different from these products;

C.     That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the D851 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Waxman Sales all damages suffered by Waxman Sales and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D.     An Order adjudging that this is an exceptional case;

E.	An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

F.	An award to Waxman Sales of the attorneys' fees, expenses, and costs incurred by Waxman Sales in connection with this action pursuant to 35 U.S.C. § 285;

G.	An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

H.	Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff Waxman Sales, LLC hereby demands a trial by jury on all issues so triable.

Dated: October 1, 2018

                              Respectfully submitted,

By:	/s/ Firouzeh Nur-Vaccaro
Firouzeh Nur-Vaccaro, Esq.
KIM WINSTON LLP
73 Market Street, Suite 376
Yonkers, NY 10710

Attorneys for Plaintiff
WAXMAN SALES, LLC